Filed 2/23/15  P. v. Vasquez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOEL JOHN VASQUEZ, <br><br> Defendant and Appellant. | B253019 <br><br> (Los Angeles County <br> Super. Ct. No. KA100288) |

THE COURT:[*]

Defendant Joel John Vasquez appeals following his open plea of "no contest" to robbery (Pen. Code, § 211)[1] (count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1)) (count 2), evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)) (count 3), and hit-run driving (Veh. Code, § 20002, subd. (a)) (count 4).  Defendant admitted having suffered two prior strike convictions within the meaning of section 667, subdivisions (b) through (i), and the allegation that he had personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5, subdivision (a).  He admitted a prior conviction for a serious felony within the meaning of section 667,

---

[*]     BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]     All further references to statutes are to the Penal Code unless stated otherwise.

subdivision (a)(1), and having suffered a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court denied defendant's motion to strike a prior conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The court sentenced defendant to a total of 40 years to life consisting of 25 years to life in count 1; a consecutive 10 years for the gun-use allegation pursuant to section 12022.53, subdivision (b); and a consecutive five years for the prior serious felony conviction under section 667, subdivision (a)(1).

Defendant filed a notice of appeal indicating that his appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).) We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that she had been unable to find any arguable issues.

On September 9, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On October 31, 2014, we granted defendant an extension until December 15, 2014. No response has been received to date.

The record shows that Luther Claborn was held up at gunpoint while working at a Circle K market in El Monte on November 26, 2012.[2] The robber pointed a rifle at him and demanded money. Claborn gave him approximately $50 from the cash register, and the robber left. The robber had a hood and his face was well covered, but Claborn later identified the perpetrator in a photographic lineup. Upon viewing the store's video surveillance recording, Claborn realized the robber was a frequent and long-time customer whom he knew as "JJ." In court, he identified defendant as "JJ."

Detective Jack Rodriguez was summoned to El Monte on December 8, 2012, to assist in the apprehension of a robbery suspect. He spotted the vehicle police were looking for, a silver Malibu, and was asked to stop it. When Detective Rodriguez activated the overhead lights and the siren, the Malibu sped away. The driver led the patrol car on an erratic chase at high speeds through local streets. Two passengers were let out of the vehicle, and the

---

[2]    We obtain the facts from the preliminary hearing transcript.

chase continued.  The Malibu struck a parked car and the patrol car.  The driver eventually got out of the car and escaped on foot.  A handgun was found in the center console of the Malibu.  Defendant's identification was found inside.

One of the passengers who exited the Malibu identified the driver as defendant.  She said she was his girlfriend.  She had asked defendant to stop the car, but he said he would not because he was wanted for a robbery at Circle K market in El Monte.  The woman said defendant owned a sawed-off shotgun.

In denying defendant's *Romero* motion, the trial court heard extensive argument from the prosecutor and defense counsel and considered the written *Romero* motion and the People's sentencing memorandum.  The court also considered the preplea probation report.  The court told defendant that, after considering his criminal record and the seriousness of the current offense, it could not grant the *Romero* motion.  Defendant's prior strike offenses were violent felonies, and it would be an abuse of discretion to grant the motion under those circumstances.  Also, defendant brandished a weapon in the current offense, and he used extreme efforts to avoid apprehension, endangering members of the community.  In addition, a second weapon was found inside the abandoned vehicle.

We conclude the trial court properly exercised its discretion.  Moreover, we have examined the entire record, and we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

3